IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cartier, a division of<br>RICHEMONT NORTH AMERICA, INC.<br>645 Fifth Avenue – 5th Floor<br>New York, New York 10022,<br><br>      Plaintiff,<br><br>vs.<br><br>WING HON METAL MANUFACTORY LTD.,<br>Unit A-B, 10th Floor, Block No. 1<br>Wah Fung Industrial Centre<br>33 Kwai Fung Crescent<br>Kwai Chung, New Territories<br>Hong Kong, China,<br><br>      Defendant. | Case No.<br>1:06cv01747/RMC |

## ANSWER AND COUNTERCLAIM

Defendant and Counterclaim Plaintiff Wing Hon Metal Manufactory Ltd ("Wing Hon"), hereby answers plaintiff Cartier's Amended Complaint for Declaratory Judgment (hereinafter "Amended Complaint") as follows:

  1.  Wing Hon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint and, therefore, denies same and puts plaintiff to its proof.

  2.  Wing Hon admits the allegations of paragraph 2 of the Amended Complaint.

  3.  Wing Hon admits the allegations of paragraph 3 of the Amended Complaint.

  4.  Wing Hon admits the allegations of paragraph 4 of the Amended Complaint.

  5.  Wing Hon admits the allegations of paragraph 5 of the Amended Complaint.

6. In response to paragraph 6 of the Amended Complaint, Wing Hon admits the Amended Complaint purports to state a cause of action for a declaratory judgment of non-infringement and that U.S. Patent No. 6,964,153 ("the '153 patent") is invalid and void, but denies that the '153 patent is not infringed and that the '153 patent is either invalid or void. Wing Hon denies the remaining allegations of paragraph 6 of the Amended Complaint.

7. In response to paragraph 7 of the Amended Complaint, Wing Hon admits that this Court has subject matter jurisdiction over this action.

8. Wing Hon denies the allegations of paragraph 8 of the Amended Complaint.

9. In response to paragraph 9 of the Amended Complaint, Wing Hon admits that a solicitor on behalf of Wing Hon authored a letter dated June 2, 2006 to Cartier S.A. which, on information and belief, is an affiliate of plaintiff, that a copy of the letter is attached as Exhibit C to the Amended Complaint, that the letter stated Wing Hon is the proprietor of UK Patent No. GB2374516 ("UK patent"), that the letter stated that the Cartier "Pasha Seatimer" watch "infringes our client's proprietary rights under" the UK patent, and that the letter stated "[o]ur client . . . has instructed us to take out legal proceedings for appropriate legal remedies to stop your act of infringement" and "[u]nless this matter is settled amicably within 14 days, our client shall have no alternative but to take steps as are necessary, including commencement of legal proceedings in order to protect its right and interest". Wing Hon denies the remaining allegations of paragraph 9 of the Amended Complaint.

10. In response to paragraph 10 of the Amended Complaint, Wing Hon admits that a solicitor on behalf of Wing Hon authored a letter dated June 28, 2006 to Richemont International Limited which, on information and belief, is an affiliate of plaintiff, that a copy of the letter is attached as Exhibit D to the Amended Complaint, that the letter stated "our client as proprietor of

Patent No.GB2374516 has been granted corresponding patents in the U.S., Hong Kong and the PRC notwithstanding the prior arts cited in your said letter," and that the letter stated "our client shall commence legal action against Cartier S.A. . . . for the infringement of [the UK patent] unless you . . . comply with all of the following within the next 14 days" including "cease immediately manufacturing, distributing, offering for sale, selling and/or otherwise dealing in or with or promoting through any media including the internet your so-called 'Pasha Seatimer' wristwatch", "pay damages to our client" and "reimburse our client all legal costs incurred". Wing Hon denies the remaining allegations of paragraph 10 of the Amended Complaint.

11.  In response to paragraph 11 of the Amended Complaint, Wing Hon admits that a solicitor on behalf of Wing Hon authored a letter dated August 2, 2006 to Richemont International Limited, that a copy of the letter is attached as Exhibit E to the Amended Complaint, and that the letter stated "we are in the course of preparing our client's case for litigating this matter in Court" and that "we are instructed to inform you (as you have requested) that our client is prepared to grant you a non-exclusive license" for the UK patent. Wing Hon denies the remaining allegations of paragraph 11 of the Amended Complaint.

12.  In response to paragraph 12 of the Amended Complaint, Wing Hon admits that a solicitor on behalf of Wing Hon authored a letter dated August 2, 2006 to Richemont International Limited, that a copy of the letter is attached as Exhibit F to the Amended Complaint, and that the letter stated "[t]he construction, function and purpose of our client's patent is entirely different from that of CH667784 or the 21 Autoscaph bracelet . . . [o]therwise, corresponding patents would not have been granted in both the U.S. and the PRC notwithstanding the prior arts cited in your said letter" and that "[u]nless we receive from you forthwith confirmation that the demands set out in our previous letters will be complied with,

legal action will be taken by our client without further notice." Wing Hon denies the remaining allegations of paragraph 12 of the Amended Complaint.

13.     In response to paragraph 13 of the Amended Complaint, Wing Hon admits that a solicitor on behalf of Wing Hon authored a letter dated August 30, 2006 to Richemont International Limited, that a copy of the letter is attached as Exhibit G to the Amended Complaint, and that the letter stated "[y]ou would note that the method of manufacture is well protected by the [UK patent]" and "as you have admitted, such 'defense' does not apply to corresponding patents in other jurisdictions." Wing Hon also admits the letter stated:

> Our client have carefully examined all the prior acts or products cited by you as a ground to challenge the validity of our client's patent and remain very confident about the validity of their patent. As a matter of fact, our client have already obtained a validity report from US Patent Attorneys. Enforcement proceedings will be instituted in multi-jurisdictions if circumstances require.

Wing Hon further admits the letter stated:

> We are instructed to remind you not to underestimate our client's determination to enforce their rights in connection with their patents. If we again fail to receive your favourable reply in the near future, we have instructions to cease negotiation and proceed with enforcement action.

Wing Hon denies the remaining allegations paragraph 13 of the Amended Complaint.

14.     Wing Hon admits on information and belief the allegations of paragraph 14 of the Amended Complaint.

15.     In response to paragraph 15 of the Amended Complaint, Wing Hon admits on information and belief that the "Cartier Pasha Seatimer" watch that is being sold and offered for sale by Cartier in the United States, which is referred to in paragraph 14 of the Amended Complaint, is the same watch that Wing Hon has accused of infringing Wing Hon's UK patent as set out in Exhibits C to G to the Amended Complaint. Wing Hon denies the remaining allegations of paragraph 15 of the Amended Complaint.

16. In response to paragraph 16 of the Amended Complaint, Wing Hon admits that this Court has jurisdiction over the subject matter of the present action.

17. In response to paragraph 17 of the Amended Complaint, Wing Hon admits the matter in controversy exceeds $75,000 but denies that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

18. Wing Hon admits the allegations of paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Amended Complaint, Wing Hon admits that venue is proper in this judicial district.

## COUNT I

### DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT

20. In response to paragraph 20 of the Amended Complaint, Wing Hon incorporates its answers to paragraphs 1-19 as though fully set forth herein.

21. Wing Hon denies the allegations of paragraph 21 of the Amended Complaint.

## COUNT II

### DECLARATORY JUDGMENT OF PATENT INVALIDITY

22. In response to paragraph 22 of the Amended Complaint, Wing Hon incorporates its answers to paragraphs 1-21 as though fully set forth herein.

23. Wing Hon denies the allegations of paragraph 23 of the Amended Complaint.

## COUNTERCLAIM

This is a counterclaim for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court over this Counterclaim is based upon 28 U.S.C. §§ 1331 and 1338(a), and upon Rule 13 of the Federal Rules of Civil Procedure.

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b), and Cartier, by virtue of having brought suit against Wing Hon in this Court, has submitted itself to the jurisdiction of this Court.

## THE PARTIES

3.     Cartier claims to be a division of Richemont North America, Inc., a corporation organized under the laws of the State of Delaware and having its principal place of business at 645 Fifth Avenue, 5th Floor, New York, New York 10022, and that it regularly conducts business in this judicial district.

4.     Wing Hon is a corporation that is incorporated under the laws of Hong Kong, China, having its principal place of business at Unit A-B, 10th Floor, Block No. 1, Wah Fung Industrial Centre, 33 Kwai Fung Crescent, Kwai Chung, New Territories, Hong Kong, China.

## COUNT FOR PATENT INFRINGEMENT

5.     On November 15, 2005, U.S. Patent Number 6,964,153, entitled "Components for Timepiece and Method of Manufacturing Thereof" ("the '153 patent"), was duly and legally issued to Wing Hon, and Wing Hon continues to be the owner of the '153 patent. A true and correct copy of the '153 patent is attached to the Amended Complaint as Exhibit A.

6.     On information and belief, Cartier has infringed and is currently infringing pursuant to 35 U.S.C. § 271 one or more claims of the '153 patent by its offer for sale, sale, use and/or importation into the United States of certain watch bands and certain watches

incorporating such watch bands including, without limitation, the product marketed by Cartier under the name "Pasha Seatimer."

7. Upon information and belief, the acts of infringement complained of herein are being carried out willfully and with full knowledge by Cartier of the '153 patent.

8. As a result of Cartier's actions, Wing Hon has suffered, and continues to suffer, substantial injury, including irreparable injury and damages, including loss of sales and profits, which Wing Hon would have made but for the infringement by Cartier, unless Cartier is enjoined by this Court.

## PRAYER FOR RELIF

WHEREFORE, Wing Hon Metal Manufactory Ltd demands judgment against Cartier, a division of Richemont North America, Inc., as follows:

A. That Cartier's Amended Complaint for Declaratory Judgment be dismissed with prejudice and that judgment be entered for Wing Hon;

B. That Cartier has infringed U.S. Patent Number 6,964,153;

C. That Cartier, its parents, subsidiaries, affiliates, agents, sales representatives, distributors, servants and employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily during the pendency of this action, and thereafter permanently, from infringing U.S. Patent Number 6,964,153;

D. That Cartier is liable for all damages sustained by Wing Hon due to such patent infringement, that Cartier be required to pay over to Wing Hon all damages sustained by Wing Hon due to such patent infringement, and that such damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein;

 E. That this case be adjudged and decreed exceptional under the 35 U.S.C. § 285 entitling Wing Hon to an award of its reasonable attorney fees and that such reasonable attorney fees be awarded;

 F. That Wing Hon be awarded its costs and prejudgment interest on all damages; and

 G. That Wing Hon be awarded such other and further relief as the Court deems just and equitable.


        WING HON METAL MANUFACTORY LTD


Dated: February 27, 2007   /s/_____
             Michael A. Grow, D.C. Bar No. 225383
             Barbara S. Wahl, D.C. Bar No. 297978
             ARENT FOX LLP
             1050 Connecticut Avenue, N.W.
             Washington, D.C.   20036-5339
             Telephone No.:  (202) 857-6000
             Facsimile No.:   (202) 857-6374
             Grow.michael@arentfox.com
             Wahl.barbara@arentfox.com

             *Counsel for Defendant*
             *Win Hon Metal Manufactory Ltd.*

OF COUNSEL:

Theodore R. Remaklus
WOOD HERRON & EVANS LLP
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio  45202
Telephone No.: (513) 241-2324
Facsimile No.: (513) 421-7269
tremaklus@whepatent.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2007, a true copy of the foregoing ANSWER AND COUNTERCLAIM and DEFENDANT'S CORPORATE DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1 AND CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA were served by the Court's electronic filing system on registered electronic filing participants OR by first class mail, postage prepaid on non-registered electronic filing participants:

John R. Hutchins (D.C. Bar No. 456740)
KENYON & KENYON LLP
1500 K Street, N.W. – Suite 700
Washington, D.C.   20005


_/s/_____
Barbara S. Wahl