IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTIER, a division of<br>RICHEMONT NORTH AMERICA, INC.,<br><br>      Plaintiff and<br>      Counterclaim Defendant,<br><br>v.<br><br>WING HON METAL MANUFACTORY LTD.,<br><br>      Defendant and<br>      Counterclaim Plaintiff. | Civil Action No. 06-1747 (RMC) |

## LOCAL CIVIL RULE 16.3(d) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(d) and the Order for Initial Scheduling Conference, dated March 15, 2007 (D.I. 6), plaintiff and counterclaim defendant Cartier, a division of Richemont North America, Inc. ("Cartier") and defendant and counterclaim plaintiff Wing Hon Metal Manufactory Ltd. ("Wing Hon") jointly submit this Report setting forth a brief statement of the case and the statutory bases for all causes of action and defenses, as well as the parties' positions on the matters set forth in Local Civil Rule 16.3(c):

### STATEMENT OF CASE AND
### STATUTORY BASES FOR CAUSES OF ACTION AND DEFENSES

This is an action by Cartier for a declaratory judgment that U.S. Patent No. 6,964,153 (the "'153 patent") is invalid and not infringed by Cartier, as well as a corresponding counterclaim by Wing Hon that Cartier infringes the '153 patent.

In Cartier's declaratory judgment action, it alleges that its "Cartier Pasha Seatimer" watches have not infringed and do not infringe the '153 patent and that the '153 patent is invalid.

Wing Hon denies Cartier's allegations. The statutory bases for Cartier's causes of action and Wing Hon's denials are 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. §§ 101, 102, 103, 112 and 271.

In Wing Hon's counterclaim, it alleges that Cartier has willfully infringed and is willfully infringing the '153 patent, that Wing Hon is entitled to damages for Cartier's infringement, that those damages should be enhanced, and that Cartier should be enjoined from future infringement. Cartier denies Wing Hon's allegations. Cartier also raises as affirmative defenses that it has not infringed and is not infringing the '153 patent and that the '153 patent is invalid. The statutory bases for Wig Hon's causes of action and Cartier's denials and defenses are 35 U.S.C. §§ 101, 102, 103, 112, 271, 281, 282, 283 and 284.

## POSITIONS ON THE MATTERS SET FORTH IN LOCAL CIVIL RULE 16.3(c)

(1)     Cartier believes that this case is likely to be resolved by a dispositive motion by Cartier for summary judgment that the '153 patent is invalid and not infringed. As set forth below and in Cartier's scheduling order submitted herewith, Cartier proposes that such a motion should be filed, briefed, argued and decided first, before proceeding with discovery (apart from discovery on the motion).

Wing Hon believes that this case is not likely to be resolved by a dispositive motion at this early stage of the litigation, although it may ultimately be resolved through dispositive motion. As set forth below and in Wing Hon's proposed scheduling order submitted herewith, Wing Hon does not agree that discovery should be delayed pending resolution of an intended motion by Cartier.

(2)     Cartier believes that, if the summary judgment motion proposed above does not resolve the case, the Court should set a deadline for joining any additional parties and amending

the pleadings of not later than two (2) months before the conclusion of fact discovery, as set forth in Cartier's proposed scheduling order submitted herewith.

Wing Hon agrees that the Court should set a deadline for joining any additional parties and amending the pleadings of not later than two (2) months before the conclusion of fact discovery, but disagrees that date should be set only in the event the Court were to deny an intended motion by Cartier. As set forth in Wing Hon's proposed scheduling order submitted herewith, Wing Hon proposes this date be set at November 5, 2007.

(3)   The parties agree that the case should not be assigned to a magistrate judge for all purposes, including trial.

(4)   The parties have conferred about settlement and they agree that there is a realistic possibility of settling the case.

(5)   Cartier believes that this case would not benefit from the Court's alternative dispute resolution (ADR) procedures because Cartier believes the case is likely to be resolved by the summary judgment motion proposed above. If that motion does not resolve the case, Cartier does not object to mediation during the period for fact discovery. Cartier's counsel has discussed ADR and this response with Cartier.

Wing Hon agrees this case would not benefit from ADR procedures, but believes that mediation may aid in resolving this action.

(6)   Cartier believes that this case can be resolved by the summary judgment motion proposed above in paragraph (1). As set forth in Cartier's proposed scheduling order submitted herewith, Cartier proposes the following schedule for that motion:

> (a)   Cartier would file its motion, opening brief and any supporting declaration(s) by June 15, 2007;

(b) Wing Hon would complete any discovery related to Cartier's motion by August 15, 2007;

(c) Wing Hon would file an answering brief and any supporting declaration(s) by August 29, 2007;

(d) Cartier would complete any discovery related to Wing Hon's opposition by September 28, 2007;

(e) Cartier would file a reply brief by October 12, 2007;

(f) the Court would schedule oral argument on a date to be determined by the Court; and

(g) the Court would issue a decision on a date to be determined by the Court.

As set out above, Wing Hon believes that a setting of a schedule in June for the filing by Cartier of a dispositive motion is premature.

(7) Cartier and Wing Hon stipulate to dispense with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

(8) Cartier believes that, apart from discovery related to the summary judgment motion proposed above in paragraphs (1) and (6), other discovery should be deferred until after the Court decides the motion. If the summary judgment motion does not resolve the case, Cartier proposes that discovery should proceed in accordance with Cartier's proposed scheduling order submitted herewith, which provides as follows:

(a) fact discovery, including answers to interrogatories, document production, requests for admissions, and depositions, shall be concluded by no later than eight (8) months after the Court decides the summary judgment motion;

  (b) (i) the parties shall file a joint claim construction statement four (4) months before the conclusion of fact discovery;

    (ii) the parties shall file simultaneous opening claim construction briefs two (2) weeks after that;

    (iii) the parties shall file simultaneous answering claim construction briefs three (3) weeks after that (no reply claim construction briefs shall be filed); and

    (iv) the Court would schedule oral argument on claim construction on a date to be determined by the Court; and

  (c) expert discovery shall be concluded by no later than three (3) months after the conclusion of fact discovery;

  (d) (i) the parties shall file any remaining summary judgment motions (and opening briefs) one month after the conclusion of expert discovery;

    (ii) the parties shall file answering summary judgment briefs three (3) weeks after that;

    (iii) the parties shall file reply summary judgment briefs two (2) weeks after that; and

    (iv) the Court would schedule oral argument on summary judgment motions on a date to be determined by the Court.

Cartier proposes that the parties should jointly submit a revised scheduling order with precise dates for the above events if and when the Court decides the early summary judgment motion proposed above in paragraphs (1) and (6) in a manner that does not resolve the case.

Wing Hon believes that discovery should proceed and not be delayed pending any intended dispositive motion by Cartier. Accordingly, Wing Hon proposes that discovery should proceed in accordance with Wing Hon's proposed scheduling order submitted herewith, which provides as follows:

(a)  fact discovery, including answers to interrogatories, document production, requests for admissions, and depositions, shall be concluded by January 7, 2008;

(b)  expert discovery shall be concluded by April 7, 2008;

(c)  (i)  the parties shall file a joint claim construction statement by August 31, 2007;

(ii)  the parties shall file simultaneous opening claim construction briefs by September 14, 2007;

(iii)  the parties shall file simultaneous answering claim construction briefs by October 5, 2007; and

(iv)  the Court would schedule oral argument on claim construction on a date to be determined by the Court;

(d)  (i)  the parties shall file summary judgment motions (and opening briefs) by May 2, 2008;

(ii)  the parties shall file answering briefs by May 23, 2008;

(iii)  the parties shall file reply briefs by June 6, 2008; and

(iv)  the Court would schedule oral argument on summary judgment motions on a date to be determined by the Court.

As set forth above in both parties' proposed schedules, both parties believe that the Court should construe the claims of the patent in suit prior to the completion of fact discovery to

provide the parties the opportunity to take discovery that is impacted by that construction, and so that the construction is available to the parties during the expert discovery phase. The parties also believe that the limits placed on discovery in the Federal Rules of Civil Procedure and the Local Rules of this Court should apply. Finally, the parties also believe that a protective order is appropriate and they intend to prepare such an order and submit it to the Court.

(9)    Cartier proposes that the service of expert reports and depositions of experts should be conducted in accordance with Cartier's proposed scheduling order submitted herewith, which provides as follows:

    (a)    opening expert reports shall be due one (1) month after the close of fact discovery;

    (b)    rebuttal expert reports shall be due one (1) month after that; and

    (c)    expert depositions shall be concluded by one (1) month after that.

Wing Hon agrees that the expert disclosures and discovery should be spaced as stated by Cartier. However, Wing Hon believes that the schedule for those disclosures and discovery should be set in accordance with Wing Hon's proposed scheduling order submitted herewith, which provides as follows:

    (a)    opening expert reports shall be due February 8, 2008;

    (b)    rebuttal expert reports shall be due March 7, 2008; and

    (c)    expert depositions shall be concluded by April 7, 2008.

The parties believe that expert reports should be governed by Federal Rule of Civil Procedure 26(a)(2), that the party having the burden of proof on an issue should submit the opening report(s) of its expert(s) on those issue(s) first and that the opposing party should thereafter submit its rebuttal report(s) one (1) month later.

(10)  This provision does not apply to this case.

(11)  If the summary judgment motion proposed above in paragraphs (1) and (6) does not resolve the case, Cartier believes that trial, but not discovery, on the damages and willfulness issues should be bifurcated from trial on the infringement and validity issues.

Wing Hon believes agrees that trial on damages and willfulness issues should be bifurcated from trial on the infringement and validity issues, and that, if liability is found, the trial on damages and willfulness should immediately follow before the same jury.

(12)  If the summary judgment motion proposed above in paragraphs (1) and (6) does not resolve the case, Cartier proposes that a pre-trial conference should be held four (4) months after the close of expert discovery.

Wing Hon believes that a pre-trial conference should be scheduled for August, 2008.

(13)  The parties believe that the Court should set a firm trial date at the pretrial conference.

(14)  The matters that the parties believe should be included in the scheduling order are set forth in each of the parties' proposed scheduling orders submitted herewith.

*   *   *

Dated: April 17, 2007

Respectfully submitted,

By: /s/ John R. Hutchins
    John R. Hutchins (D.C. Bar No. 456749)
    KENYON & KENYON LLP
    1500 K Street, N.W.,
    Suite 700
    Washington, D.C. 20005
    (202) 220-4200

    Of Counsel:
    Walter E. Hanley, Jr.
    Mark A. Chapman
    KENYON & KENYON LLP
    One Broadway
    New York, NY 10004
    (212) 425-7200

    *Counsel for Plaintiff and Counterclaim Defendant Cartier, a division of Richemont North America, Inc.*

By: /s/ Barbara S. Wahl
    Michael A. Grow (D.C. Bar No. 225383)
    Barbara S. Wahl (D.C. Bar No. 297978)
    ARENT FOX LLP
    1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036-5339
    (202) 857-6000

    Of Counsel:
    Theodore R. Remaklus
    WOOD HERRON & EVANS LLP
    2700 Carew Tower
    441 Vine Street
    Cincinnati, OH 45202
    (513) 241-2324

    *Counsel for Defendant and Counterclaim Plaintiff Wing Hon Metal Manufactory Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTIER, a division of RICHEMONT NORTH AMERICA, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> WING HON METAL MANUFACTORY LTD., <br><br> Defendant and Counterclaim Plaintiff. | **Civil Action No. 06-1747 (RMC)** |

## CARTIER'S PROPOSED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(d) and the Order for Initial Scheduling Conference, dated March 15, 2007 (D.I. 6), plaintiff and counterclaim defendant Cartier, a division of Richemont North America, Inc. ("Cartier"), hereby respectfully submits the following proposed scheduling order:

\*   \*   \*

Upon consideration of the Local Civil Rule 16.3(d) Report submitted by plaintiff and counterclaim defendant Cartier, a division of Richemont North America, Inc. ("Cartier") and defendant and counterclaim plaintiff Wing Hon Metal Manufactory Ltd. ("Wing Hon"), and the record in this case, the Court enters the following scheduling order this __ day of May, 2007:

(1)   The parties are not required to exchange initial disclosures.

(2)   Cartier may file a dispositive motion for summary judgment that U.S. Patent No. 6,964,153 is invalid and not infringed, according to the following schedule:

(a) Cartier shall file its motion, opening brief and any supporting declaration(s) by June 15, 2007;

(b) Wing Hon shall complete any discovery related to Cartier's motion by August 15, 2007;

(c) Wing Hon shall file an answering brief and any supporting declaration(s) by August 29, 2007;

(d) Cartier shall complete any discovery related to Wing Hon's opposition by September 28, 2007;

(e) Cartier shall file a reply brief by October 12, 2007;

(f) the Court will schedule oral argument on a date to be determined by the Court;

(g) the Court will issue a decision on the motion on a date to be determined by the Court.

(3) Discovery (apart from discovery on the summary judgment motion) and other matters shall be deferred until after the Court decides the summary judgment motion referred to above in paragraph (2).

(4) If the Court's decision on the summary judgment motion referred to above in paragraph (2) does not resolve the case, the parties shall promptly submit a revised scheduling order with precise dates for the following events, based on the date the Court decides the summary judgment motion, according to the following schedule:

(a) Fact Discovery: Fact discovery, including answers to interrogatories, document production, requests for admissions, and depositions, shall be concluded by no

later than eight (8) months after the date the Court decides the summary judgment motion;

(b) Joinder of Parties and Amendment of Pleadings: Other parties shall be joined and the pleadings shall be amended by no later than two (2) months before the conclusion of fact discovery;

(c) Claim Construction: The parties shall file a joint claim construction statement four (4) months before the conclusion of fact discovery, simultaneous opening claim construction briefs two (2) weeks after that, and simultaneous answering claim construction briefs three (3) weeks after that (no reply claim construction briefs shall be filed). The Court will schedule oral argument on claim construction on a date to be determined by the Court;

(d) Expert Discovery: Expert discovery shall be concluded by no later than three (3) months after the conclusion of fact discovery. Opening expert reports (on issues for which a party has the burden of proof) shall be due one (1) month after the close of fact discovery, rebuttal expert reports shall be due one (1) month after that, and expert depositions shall be concluded by one (1) month after that;

(e) Summary Judgment Motions: The parties shall file any remaining summary judgment motions (and opening briefs) one (1) month after the conclusion of expert discovery, answering summary judgment briefs three (3) weeks after that, and reply summary judgment briefs two (2) weeks after that. The Court will schedule oral argument on summary judgment motions on a date to be determined by the Court;

(f) Pre-Trial Conference: A pre-trial conference will be held four (4) months after the close of expert discovery;

(g)     Jury Trial: The Court will set a firm start date and duration for a jury trial at the pretrial conference. Trial on the damages and willfulness issues shall be bifurcated from the infringement and validity issues.

SO ORDERED this ___ day of May, 2007,

_____
Rosemary M. Collyer
United States District Judge

\*   \*   \*

Respectfully submitted,

Dated: April 17, 2007            By:     /s/ John R. Hutchins
John R. Hutchins (D.C. Bar No. 456749)
KENYON & KENYON LLP
1500 K Street, N.W.,
Suite 700
Washington, D.C. 20005
(202) 220-4200

Of Counsel:
Walter E. Hanley, Jr.
Mark A. Chapman
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

*Counsel for Plaintiff and Counterclaim Defendant Cartier, a division of Richemont North America, Inc.*

4